IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MIKE STOKES, )
            Plaintiff, )
)
v. ) Case No. CIV-13-507-KEW
)
LAKE RAIDER, INC. d/b/a )
VOYAGER MARINE, )
)
            Defendant/ )
            Third-Party )
            Plaintiff, )
)
v. )
)
150 BOAT SALES, L.L.C., )
)
            Third-Party )
            Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Third-Party Defendant 150 Boat Sales, L.L.C.'s Motion to Dismiss (Docket Entry #36). Third-Party Defendant contends the action brought against it must be dismissed based upon the fact that it was formed as an Oklahoma Limited Liability Company on December 16, 2013 while the Complaint was filed by Plaintiff in this action on November 12, 2013. As a result, Third-Party Defendant asserts it is not a proper named party under Fed. R. Civ. P. 14(a)(1) since it did not exist at the time of the commencement of this case.

In response, Third-Party Plaintiff Lake Raider, Inc. d/b/a Voyager Marine states that the entity "150 Boat Sales" has been in business for at least 12 years and was a dealer of Voyager Marine at the time relevant to the facts of this case. Based upon the

Third-Party Defendant's representations, Third-Party Plaintiff seeks to add additional third-party defendants so that discovery may be conducted on the issue of successor liability.

The resolution of this issue is not as simplistic as Third Party Defendant 150 Boat Sales, L.L.C. represents. It is apparent that fact issues preclude this Court from determining whether 150 Boat Sales, L.L.C. represents a successor entity to other business organizations existing at the time the allegations set forth in the Third Party Complaint arose. Moreover, the circumstances surrounding the formation of 150 Boat Sales, L.L.C. may become crucial in the final determination of potential successor liability. *See*, <u>Crutchfield v. Marine Power Engine Co.</u>, 209 P.3d 295, 297 (Okla. 2009)("As a general rule, when one company sells or otherwise transfers all its assets to another company, the successor is not liable for the debts and liabilities of the seller. There are exceptions to the rule."). Accordingly, this issue is not appropriate for resolution in this dismissal request. While Defendant requests "leave to add as Defendants all other individuals and entities who 150 Boat Sales L.L.C. asserts 'owned' the business throughout the relevant time periods. . .", this Court is reluctant to give Defendant unfettered discretion to add unspecified Defendants. Discovery has been progressing in this action and Defendant should have been exploring this issue in order

to identify specific entities that should be named in this action to establish successor liability. This Court will entertain any such particularized requests so long as a delay in the orderly progression to trial does not result.

IT IS THEREFORE ORDERED that Third-Party Defendant 150 Boat Sales, L.L.C.'s Motion to Dismiss (Docket Entry #36) is hereby **DENIED** at this time.

IT IS SO ORDERED this 17th day of November, 2014.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE