# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIKE STOKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-507-KEW |
| ) | |
| LAKE RAIDER, INC. d/b/a ) | |
| VOYAGER MARINE, ) | |
| ) | |
| Defendant/ ) | |
| Third-Party ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| 150 BOAT SALES, L.L.C., ) | |
| ) | |
| Third-Party ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter comes before the Court on Third-Party Defendant 150 Boat Sales, L.L.C.'s Motion for Summary Judgment (Docket Entry #75). Plaintiff Mike Stokes ("Stokes") initiated this action on November 12, 2013 against Defendant Lake Raider, Inc., d/b/a Voyager Marine ("Voyager") only. Stokes' claims included negligence, manufacturer's products liability, failure to provide adequate notice, and breach of warranty in connection with a pinch point on a boat manufactured by Voyager. Stokes alleges that he lost a finger as a result of this pinch point on July 6, 2013. However, all claims except for the strict products liability claim were dismissed at Stokes' urging by Opinion and Order entered November 17, 2014.

On April 29, 2014, Voyager filed a Third Party Complaint

against 150 Boat Sales, L.L.C. ("150 Boat Sales"), an authorized dealer of Voyager boat products and original seller of the boat at issue in this case. Voyager alleges 150 Boat Sales had information about a retrofit to rectify the pinch point on the boat but failed to advise Stokes of the availability of the retrofit. As a result, Voyager contends it is entitled to indemnification and/or contribution from 150 Boat Sales should Voyager be held liable for damages in the primary action brought by Stokes.

150 Boat Sales did not manufacture, design, or modify the Voyager '20 Sport Deluxe pontoon boat, serial number VDY2005OK102 which is at issue in this case. Further, no contract exists which provides Voyager with the right to indemnification from 150 Boat Sales on the claims asserted by Stokes against Voyager in this action.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of

material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983). For purposes of the pending Motion, this Court finds no genuine issue as to any fact which is material to the dispute addressed in the Motion. As a result, the question remaining for consideration by this Court centers upon whether 150 Boat Sales is entitled to prevail on the Motion as a matter of law.

A claim for indemnity may arise from a contract or non-contractual indemnity also recognized as the implied right of indemnification. Nat'l Union Fire Ins. Co. v. A.A.R. W. Skyways, Inc., 784 P.2d 52, 54 (Okla. 1989). This latter form of indemnification is similar to common law contribution and arises only when "one who is only constructively or vicariously obligated to pay damages because of another's tortious conduct may recover

3

the sum paid from the tortfeasor." Id. quoting <u>Travelers Ins. Co. v. L.V. French Truck Serv., Inc.</u>, 770 P.2d 551, n.16 (Okla. 1988). No evidence has been presented to indicate a contract existed between Voyager and 150 Boat Sales which provides a right to indemnification. Moreover, the action Stokes asserts against Voyager is based upon direct strict products liability and not upon any allegation of vicarious or constructive liability. As a result, common law or implied indemnity is not available to Voyager under the facts of this case.

Oklahoma has codified the right to contribution at Okla. Stat. tit. 12 § 832(B), which provides:

> The right of contribution exists only in favor of a tort-feasor who has paid more than their pro rata share of the common liability, and the total recovery is limited to the amount paid by the tort-feasor in excess of their pro rata share.

150 Boat Sales contends that the relatively recent change to the availability of joint and several liability by the Oklahoma legislature precludes Voyager's claim for contribution. Specifically, on November 1, 2011, the statute establishing joint and several liability was amended to state:

> **§ 15. Joint tortfeasor liability--Several only**
>
> A. In any civil action based on fault and not arising out of contract, the liability for damages caused by two or more persons shall be several only and a joint tortfeasor shall be liable only for the amount of damages allocated to that tortfeasor.

4

B. This section shall not apply to actions brought by or on behalf of the state.

C. The provisions of this section shall apply to all civil actions based on fault and not arising out of contract that accrue on or after November 1, 2011.

Okla. Stat. tit. 23 § 15.

150 Boat Sales reasons that Voyager will never be liable for more than the amount of damages for which it is adjudicated to be personally liable and, therefore, will not be forced to pay more than its pro rata share of the common liability. For its part, Voyager contends strict products liability is not based upon fault so joint and several liability remains available under this claim.

Neither party has cited case authority standing for the proposition that joint and several liability exists under Oklahoma law for strict products liability. Based upon this fact alone, 150 Boat Sales would not be liable for contribution. But more importantly, Voyager expends considerable print in its briefing to establish that 150 Boat Sales is liable for Stokes' injuries based upon its failure to install the retrofit for the pinch point or to warn Stokes of the defect in the boat which could cause injury. Unfortunately for Voyager, a negligence claim has neither been asserted by Stokes against 150 Boat Sales in the primary action nor by Voyager against 150 Boat Sales in the third party complaint. Voyager's allegations equate with a claim for a post-sale duty to

warn or retrofit a product under a strict products liability theory in order to convey joint and several liability upon 150 Boat Sales. This cause of action is not recognized in Oklahoma. <u>Wicker ex rel. Estate of Wicker v. Ford Motor Co.</u>, 393 F.Supp.2d 1229, 1236 (W.D. Okla. 2005)("Oklahoma does not recognize a post-sale duty to warn or retrofit a product."); <u>Kirkland v. Gen. Motors Corp.</u>, 521 P.2d 1353, 1366 (Okla. 1974). As a result, 150 Boat Sales cannot be held liable for the common liability necessary for a contribution claim by Voyager. Thus, this claim fails as well. Consequently, 150 Boat Sales is entitled to summary judgment on all claims asserted in the Third Party Complaint.

IT IS THEREFORE ORDERED that Third-Party Defendant 150 Boat Sales, L.L.C.'s Motion for Summary Judgment (Docket Entry #75) is hereby **GRANTED**. As a result, the claims for contribution and indemnity are hereby **DISMISSED** as a matter of law.

IT IS SO ORDERED this 29th day of December, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE