# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIKE STOKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-507-KEW |
| ) | |
| LAKE RAIDER, INC. d/b/a ) | |
| VOYAGER MARINE, ) | |
| ) | |
| Defendant/ ) | |
| Third-Party ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| 150 BOAT SALES, L.L.C., ) | |
| ) | |
| Third-Party ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Summary Judgment on the Issue of Liability of Lake Raider, Inc. d/b/a Voyager Marine filed November 18, 2014 (Docket Entry #138). Plaintiff Mike Stokes ("Stokes") initiated this action on November 12, 2013 against Defendant Lake Raider, Inc., d/b/a Voyager Marine ("Voyager") only. Stokes' claims included negligence, manufacturer's products liability, failure to provide adequate notice, and breach of warranty in connection with a pinch point on a boat manufactured by Voyager. Stokes alleges that he lost a finger as a result of this pinch point on July 6, 2013. However, all claims except for the strict products liability claim were dismissed at Stokes' urging by Opinion and Order entered November 17, 2014.

On April 29, 2014, Voyager filed a Third Party Complaint against 150 Boat Sales, L.L.C. ("150 Boat Sales"), an authorized dealer of Voyager boat products and seller of the boat at issue in this case. Voyager alleges 150 Boat Sales had information about a retrofit to rectify the pinch point on the boat but failed to advise Stokes of the availability of the retrofit. As a result, Voyager contends it is entitled to indemnification and/or contribution from 150 Boat Sales should Voyager be held liable for damages in the primary action brought by Stokes.

150 Boat Sales did not manufacture, design, or modify the Voyager '20 Sport Deluxe pontoon boat, serial number VDY2005OK102 which is at issue in this case. Voyager's expert witness, Robert Block, Ph.D., a consulting engineer and retired professor from the University of Oklahoma, testified in deposition as follows:

> Q: You referred to the – well, you would agree that on the railing of the boat in question where my client was injured, there was a pinch point, you would agree with that?
>
> A: Yeah, there's a geometrical effect, you can get caught, yes. And he got caught.
>
> Q: And when you get caught, it's not easy to pull your finger out if it's caught in that pinch point, it's not easy to pull your finger out, is it?
>
> A: Well, I think I know what you mean, though, because if you're going forward off the end of the boat the way Mr. Stokes was, you'd be pulling your finger through the pinch point, and it will hurt you.

2

Depo. of Dr. Block, p. 5, ll. 2-16.

Dr. Block also testified as to the defective nature of the presence of the pinch point in stating:

> Q: Would you agree that this pinch point is a defect in the design?
>
> A: As it turns out, yes, it's a hazard that's a defect, it's in the design.
>
> Q: And it's unreasonably dangerous, would you agree with that?
>
> A: It certainly is dangerous, and what it does to you is substantial enough to say that it's unreasonably dangerous.

Depo. of Dr. Block, p. 6, ll. 4-14.

Dr. Block also testified that he believed "150 Boat Sales was in the last best position to prevent this from happening, and they did nothing." Depo. of Dr. Block, p. 87, ll. 8-10. Between Voyager and 150 Boat Sales, Dr. Block testified that "[c]ompare the two, and I think that 150 Boat Sales is directly responsible for this accident. . . . And the closest – hang on. They're closest in time to the accident. Had they done something, this wouldn't have happened." Depo. of Dr. Block, p. 90, ll. 12-17. On the temporal order of events, Dr. Block also testified that

> Q: And had Voyager done something when they manufactured it –
>
> A: Oh, sure, way back in time, in 2002, had Voyager done something –

3

Depo. of Dr. Block, p. 90, ll. 18-21.

Stokes' expert witness, William P. Munsell, Jr., testified that the pinch point that existed at the time that Stokes was injured represented a defect. He also opined that the defect was unreasonably dangerous. Depo. of Mr. Munsell, p. 3, ll. 6-10.

150 Boat Sales' expert witness, John S. Morse, Ph.D. testified that the pinch point was a defect in design. He also stated that the defect was unreasonably dangerous, causing people to be injured. Depo. of Dr. Morse, p. 9, ll. 12-18. Dr. Morse explained the nature of the pinch point in his report:

> The pertinent pinch point hazard of the railings is the decreasing opening between the stationary railing and the gate as one moves downward from the top of the railing. The gap narrows to an opening of about 3/8 inches on the front gate of Mr. Stokes' boat. A finger that slides down the railing can become trapped in the lower portion of the gap.

Report of John S. Morse, PE, p. 3.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing that there is an absence of any issues of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106

S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983). For purposes of the pending Motion, this Court finds no genuine issue as to any fact which is material to the dispute addressed in the Motion. The issue for this Court's determination is whether Stokes is entitled to judgment as a matter of law on the issue of liability.

In Oklahoma, a plaintiff may prevail on a claim for strict products liability if he satisfies the following elements - (1) that the product was the cause of plaintiff's injury; (2) that the defect existed in the product, if the action is against the manufacturer, at the time the product left the manufacturer's possession and control; and (3) that the defect made the article

unreasonably dangerous to him or to his property. <u>Kirkland v. General Motors Corp.</u>, 521 P.2d 1353, 1363 (Okla. 1974). In order to demonstrate that an item is "unreasonably dangerous", "[t]he article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to community as to its characteristics." <u>Id</u>.

    Clearly, the evidence supports a finding on summary judgment that Voyager's product - the boat - was defective when it first left the possession and control of Voyager. The evidence also is supportive of a finding that the boat was unreasonably dangerous when it left the control of Voyager with its attendant pinch point as demonstrated by the injuries that resulted. The final element requires a finding that the pinch point represented that the cause of Stokes' injury. While Voyager makes much of 150 Boat Sales' failure to install the remedy provided by Voyager or to warn Stokes of the defect, the fact remains that the defect caused Stokes' injury. Whether 150 Boat Sales was negligent in its failure to apply the fix of the defect provided by Voyager is of no moment to the claims asserted in this case. Strict products liability only requires a showing that an unreasonably dangerous defect in a product caused the injury to the plaintiff. Dr. Block's opinion that the injury was caused by 150 Boat Sales' actions because their

actions were "closest in time to the accident" is not legally supportable and, as such, does not create an issue of fact for the jury on causation.

The fact another party may have been negligent in the performance of its obligations, whether closer in time to the accident or not, does not affect this causation analysis. In establishing the claim for strict products liability, the Oklahoma Supreme Court made it abundantly clear that "traditional negligence concepts should not, and do not, apply" in this type of claim. Id. at 1365. As a result, comparative negligence of non-parties has no application to strict products liability cases. Id. at 1367. The recognized defenses to these claims include contributory negligence of the user, abnormal use, and voluntary assumption of a known risk of defect do not apply and have not been plead in this case. Id. at 1366-67.

Perhaps most importantly, Voyager has asserted the defense of intervening or superceding cause in this action, contending 150 Boat Sales' negligence breaks the causation link between Voyager's introduction of a defective product into the stream of commerce and Stokes' injury. Again, these are traditional negligence themes and defenses that have no place in strict products liability cases. Voyager has cited no case authority in Oklahoma which has permitted the assertion of these defenses. Certainly as a practical matter,

Voyager chose the manner in which it attempted to notify owners of the boats and take remedial measures through the dealers such as 150 Boat Sales.  The fact Voyager relied upon another to notify owners and perform the remedy does not alter the strict causation analysis under the theory asserted in this case.  Having met all of the required elements, Stokes is entitled to summary judgment on the issue of liability in this case.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment on the Issue of Liability of Lake Raider, Inc. d/b/a Voyager Marine filed November 18, 2014 (Docket Entry #138) is hereby **GRANTED**.  As a result, Defendant Lake Raider, Inc. d/b/a Voyager Marine is found liable under the sole legal theory of strict products liability remaining in this action.  Trial will proceed as scheduled on the issue of Stokes' damages attributable to the injury he sustained.

IT IS SO ORDERED this 29th day of December, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE