**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MIKE STOKES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-13-507-KEW ) |
| LAKE RAIDER, INC. d/b/a VOYAGER MARINE, | ) ) ) |
| Defendant/ Third-Party Plaintiff, | ) ) ) ) |
| v. | ) ) |
| 150 BOAT SALES, L.L.C., | ) ) |
| Third-Party Defendant. | ) ) |

## **OPINION AND ORDER**

This matter comes before the Court on the Motions in Limine filed by Defendant Lake Raider, Inc. d/b/a Voyager Marine (Docket Entry Nos. 152, 177, and 183). In the first Motion, Defendant seeks to exclude any reference at trial to Defendant's liability insurance coverage. No party opposes this request and, thus, the evidence shall be excluded.

In the second Motion, Defendant seeks to exclude certain portions of the Third Party Defendant's expert, Dr. John Morse should the Court grant Third Party Defendant's request to limit the testimony of Defendant's expert, Dr. Robert Block. Third Party Defendant 150 Boat Sales' motion in limine to limit Dr. Block's testimony has been deemed moot since that party has been dismissed from this action. As a result, Defendant's motion is similarly moot. Moreover, the sole issue remaining in this case for trial is

the amount of damages to which Plaintiff is entitled as a result of the injury he suffered from the use of Defendant's defective product.  Neither Dr. Morse nor Dr. Block offered testimony on this issue.

The third and final motion in limine filed by Defendant requests that Third Party Defendant 150 Boat Sales be prohibited from using a July 23, 2010 web report from South Carolina at trial as representing inadmissible hearsay, being violative of the <u>Daubert</u> standard, and being more prejudicial than probative.  Again, Third Party Defendant 150 Boat Sales is no longer a party to this case.  The request to exclude the exhibit proffered by this party only is deemed moot.

IT IS THEREFORE ORDERED that Defendant's Motion in Limine to exclude reference to its liability insurance coverage (Docket Entry #152) is hereby **GRANTED**.  No reference shall be made to the insurance coverage at trial.

IT IS FURTHER ORDERED that Defendant's Counter Motion in Limine Regarding Expert Witness Testimony (Docket Entry #177) and Defendant's Motion in Limine Regarding Web Report (Docket Entry #183) are deemed **MOOT**.

IT IS SO ORDERED this 31st day of December, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE